IN RE QUINTÍN ROSADO, Petitioner and Appellant; PEOPLE OF PORTO RICO, Respondent and Appellee.

No. 5177. Argued May 5, 1930.—Decided May 20, 1930.

*Luis Mercader*, for appellant. *R. A. Gómez*, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Section 56 of the Civil Register Act provides that immaterial errors which may be noticed after a registration has been signed, may be corrected by the person in charge of the register in pursuance of a proceeding in which he shall require such proof as he may deem proper; and as regards material errors, it is provided by section 6 of the said Act that no correction which may substantially alter the registration shall be made except upon a proper order issued by a district court.

The appellant herein instituted proceedings in the District

Court of Arecibo for the purpose of correcting an entry made in the register of deaths of the Civil Register of Arecibo so as to show that the deceased was Cecilio Rosado instead of Basilio González. The court considered the evidence introduced to be insufficient and refused to issue the order sought. The present appeal has been taken from that decision.

Not all judicial decisions are appealable; only those where the law authorizes an appeal. The Civil Register Act, which requires the institution of the proceedings giving rise to the present appeal, does not authorize an appeal from a decision denying the correction of registrations and hence what we have to decide now is whether this appeal comes within the purview of subdivision 1 of section 295 of the Code of Civil Procedure, which authorizes an appeal from final judgments rendered by district courts in actions or special proceedings.

In the present case a special proceeding, and not an action, is involved; but the special proceedings to which the statute refers are those which involve civil matters of a truly judicial character. Accordingly, in the case of *In re Montalvo,* decided on March 31 last (*ante,* p. 752), in which an appeal had been taken from an order of a district court denying an application for a license to carry a weapon, after considering at length the nature of the proceeding involved and the case of *Luce* v. *Registrar,* 34 P.R.R. 578, including the dissenting opinion therein as well as the decision rendered in that case on appeal and reported in 20 Fed. (2nd) 115, we said:

"It is true that here the court acted in pursuance of a statute, and there is no doubt that in refusing the license sought it considered the application therefor, weighed the evidence, and exercised its judicial discretion; but no civil proceeding, whether *ex parte* or adversary, of a truly judicial character was involved. The Legislature has confided to the court the granting of a license in proper cases as it could have entrusted that function to an administrative officer, and the resulting isolated, specific and discretional decision is final."

That case is similar to the present one, which deals with an administrative matter that could have been entrusted to an administrative officer.

The appeal must be dismissed.